**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **American Family Home Insurance a/s/o Adrian Biesecker,**<br><br>　　　　　*Plaintiff,*<br>　　v.<br><br>**McLaren Automotive, Inc. and Krause Family Motorcars, LLC,**<br><br>　　　　　*Defendants.* | **Case No. 2:21-cv-04016-JDW** |

**<u>MEMORANDUM</u>**

When it comes to cars (and most other things), "[u]nexplained fires are a matter for the courts." <u>The Simpsons: The Last Temptation Of Krust</u> (Fox television broadcast Feb. 22, 1998).[1] But knowing that a dispute is one for the courts is only the first step in deciding whether this Court can hear a particular dispute. Among other things, the Court can only hear a case against a party subject to its personal jurisdiction.

This case stems from an explained fire that has made its way to the courts, but maybe not the right court to hear the whole case. When Adrian Biesecker took his new McLaren to the gas station for the first time, it exploded 12 seconds into fueling. American Family Home Insurance, which insured the car, covered the claim and has sued Krause Family Motorcars, LLC based on repair work that Krause performed after Mr. Biesecker purchased the car from a dealership in Mississippi. The dealership hired

---

[1] <u>See also</u> <u>The Simpsons</u>, <u>Canyonero</u>, <u>on</u> <u>Go Simpsonic with The Simpsons</u> (Rhino Records 1999).

and paid Krause, and Mr. Biesecker arranged to ship the car to himself in Pennsylvania. Krause had no connection to Pennsylvania as part of this transaction, and it therefore is not subject to the Court's personal jurisdiction. The Court will dismiss American Family's claims against Krause.

## I.   BACKGROUND

### A.   Facts

Mr. Biesecker lives in Pennsylvania. On March 23, 2021, he purchased a 2021 McLaren 765LT Coupe from Motorcars of Jackson, LLC, in Jackson, Mississippi. Motorcars of Jackson contacted Krause, which owns Motorcars of Atlanta, to perform warranty service on the McLaren prior to its shipment to Pennsylvania. Krause is an authorized McLaren dealer and warranty service provider. It is organized in Georgia with its principal place of business in Atlanta.

From April 5, 2021, to April l4, 2021, Mr. Biesecker exchanged text messages with Isaac Robles, a Krause employee, regarding the status of the McLaren. On April 7, 2021, Mr. Biesecker informed Mr. Robles that he had "a carrier lined up" to transport the McLaren. (ECF No. 9 at Ex. 1.) Mr. Robles explained that Krause was having trouble securing car parts from McLaren's United Kingdom warehouse. These supply chain issues persisted into the following week. Mr. Biesecker continued to reschedule the carrier until the car was ready. In his texts with Mr. Robles, Mr. Biesecker did not mention that the car would be shipped to Pennsylvania or that he was a Pennsylvania resident.

Krause completed the warranty service on April 14, 2021. The third-party carrier picked it up that same day and delivered it to Mr. Biesecker in Pennsylvania. On April 21, 2021, Mr. Biesecker drove the McLaren to a gas station to fuel the vehicle for the first time. Moments after fueling, the McLaren erupted into flames and was destroyed. (Id.) Luckily, no one was injured. Mr. Biesecker submitted a claim to American Family Home Insurance Company. American Family adjusted and paid the claim, and it now seeks to recover on behalf of Mr. Biesecker.

### B.    Procedural History

American Family filed a Complaint on September 8, 2021, against Krause and McLaren, asserting claims for negligence (Count I); violation of the Magnuson Moss Warranty-Federal Trade Commission Improvements Act, 15 U.S.C. §§2301-2312 (Count II); breach of express warranty (Count III); and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1-201-9.2 (Count IV). On October 19, 2021, Krause filed a Motion to Dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim as to Counts I and IV. Following briefing, the Court entered an Order granting American Family's request for jurisdictional discovery. Following that discovery, the parties filed supplemental memoranda addressing personal jurisdiction. The motion is now ripe.

## II.   LEGAL STANDARD

A district court may dismiss a complaint for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). When confronted with a motion to dismiss on this basis, a court must accept all of a plaintiff's factual allegations as true and resolve all factual disputes in the

3

plaintiff's favor. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). However, once a defendant raises a jurisdictional defense, the burden shifts to the plaintiff to establish, through "affidavits or other competent evidence," that the district court has personal jurisdiction over the non-resident defendant. Id. (citation omitted). It is not sufficient to rely on the pleadings alone. See Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the plaintiff demonstrates a *prima facie* case of personal jurisdiction, the burden shifts back to the defendant to establish that the exercise of jurisdiction would be unreasonable. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992). The Court may also consider exhibits attached to the complaint and documents that are integral to the complaint or on which the complaint relies. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

III.    **DISCUSSION**

Federal Rule of Civil Procedure 4(k) gives a district court the ability to exercise jurisdiction to the same extent as a court of general jurisdiction in the state where the district court sits. See Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute gives its courts jurisdiction over out-of-state defendants to the maximum extent allowed by the U.S. Constitution. See 42 Pa. Cons. Stat. § 5322(b). In order for a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Control Screening, LLC v. Technological Application and Production Co., HCMC-

Vietnam, 687 F.3d 163, 167 (3d Cir. 2012) (quoting Int'l Shoe Co. v. Wa., 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific. See O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). American Family argues for both, but it proves neither.

### A.   General Jurisdiction

General jurisdiction arises where a party is "at home." Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (quotation omitted). In the case of a corporation, that is generally the company's place of incorporation and its principal place of business. See id. at 137–38. Establishing general jurisdiction outside of those places is "incredibly difficult." Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016).

Krause is not incorporated in Pennsylvania, nor does it have its principal place of business in Pennsylvania. It does not maintain an office or employees in Pennsylvania, does not own or lease real estate in Pennsylvania, and cannot be served in Pennsylvania. American Family can demonstrate that Krause conducts business with Pennsylvania residents, but not that Krause is "at home" here.

American Family devotes the majority of its supplemental brief to arguing that Krause is subject to general jurisdiction in Pennsylvania, but it does not cite the Supreme Court's decision in Daimler. Instead, it relies on a Third Circuit decision from 1987. But in Daimler, the Supreme Court tightened the standard for exercising general jurisdiction, and cases that predate it shed little light on the applicable standard. The contacts that Krause has with Pennsylvania, which include the sale and delivery of cars to Pennsylvania, sales of extended warranties, retail installment sales contracts, and

limited Powers of Attorney, do not render Krause at home in Pennsylvania or subject it to general jurisdiction here. Nor does Krause's decision to bank with a Pennsylvania-based bank, PNC. The exercise of general jurisdiction over Krause would be the type of "unacceptably grasping" application that <u>Daimler</u> sought to avoid. <u>See</u> <u>Daimler</u>, 571 U.S. at 138.

### B.    Specific Jurisdiction

Specific jurisdiction arises when a party directs its conduct into the forum jurisdiction and the claims arise from those activities. <u>See</u> <u>Danziger & De Llano, LLP v. Morgan Verkamp LLC</u>, 948 F.3d 124, 129–30 (3d Cir. 2020). To prove that specific jurisdiction exists, a plaintiff must demonstrate three elements: 1) the defendant "purposefully directed [its] activities" at the forum; 2) the plaintiff's claims "arise out of or relate to" at least one of those activities; and 3) if so, the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Id.* (quotations omitted). The threshold inquiry is whether a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958); <u>see</u> <u>also</u> <u>Lutz v. Rakuten, Inc.</u>, 376 F. Supp. 3d 455, 463–64 (E.D. Pa. 2019). Physical presence in the forum is not required, "[b]ut what is necessary is a deliberate targeting of the forum." <u>O'Connor</u>, 496 F.3d at 317; <u>see</u> <u>Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.</u>, 137 S. Ct. 1773, 1781 (2017).

American Family has established that Krause directs its activities into Pennsylvania. It sells cars to Pennsylvania residents, and the Court will assume that it knows that the buyers are in Pennsylvania. It extends credit to Pennsylvania residents,

it receives powers of attorney from Pennsylvania residents, and it warrants products in Pennsylvania.

American Family fails at the second step, though, because it cannot establish that its claims arise out of or relate to Krause's contacts with Pennsylvania. Mr. Biesecker did not hire Krause; Motorcars of Jackson did. Nor did Krause solicit business from Mr. Biesecker. For example, Krause did not solicit Mr. Biesecker to have him encourage Motorcars of Jackson to hire Krause. Krause also did not arrange to ship the McLaren to Pennsylvania; Mr. Biesecker did. And the connections that Krause has to Pennsylvania have nothing to do with this case because Krause did not sell the McLaren to Mr. Biesecker, extend credit to him, receive a power of attorney from him, or do anything else to suggest that it intended the transaction to have a connection to Pennsylvania.

In its Supplemental Brief, American Family relies on Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017 (2021), to argue that Krause has "continuously and deliberately exploited" Pennsylvania's market by selling and shipping cars to Pennsylvania residents. (ECF No. 17 at 8–9 (quoting Ford, 141 S. Ct. at 1027).) The Ford decision does not apply here. Ford involved a products liability dispute about a model of car that Ford manufactured and sold in Montana; it just so happened that the specific car in question was sold elsewhere. But the Supreme Court emphasized that specific jurisdiction only exists if the suit "arise[s] out of or relate[s] to" the defendant's contacts with the state. Ford Motor, 141 S. Ct. at 1025 (quotation omitted). And the phrase "relate[s] to" has limits. Id. at 1026. This case does not relate to Krause's contacts with

Pennsylvania. Krause does not advertise in Pennsylvania, and it did not "serve[] a market" in Pennsylvania for these services. Id. at 1027. It just so happens that a dealer from out-of-state hired Krause to perform services on a vehicle that eventually wound up in Pennsylvania. That's not enough.

## IV.   CONCLUSION

American Family has not demonstrated that the Court has personal jurisdiction over Krause because Krause did not purposefully direct its activities at Pennsylvania, and it is not at home here. Therefore, the Court will grant Krause's Motion and dismiss the claims against it for lack of personal jurisdiction. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

February 24, 2022

8